IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:                                    *

**SUNNY'S GREAT OUTDOORS, INC.,**   *      Case No.
**d/b/a SUNNY'S SURPLUS,**                       (Chapter 11)
                                          *
         Debtor.
\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE
CASH COLLATERAL AND GRANT ADEQUATE PROTECTION THEREFOR**

Sunny's Great Outdoors, Inc., d/b/a Sunny's Surplus, Debtor and Debtor-in-Possession, moves for authority to use cash collateral and to grant adequate protection therefor and, in support thereof, states:

1. On January 26, 2007, Sunny's Great Outdoors, Inc., d/b/a Sunny's Surplus ("Sunny's" or the "Debtor") filed a Voluntary Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code. The Debtor has remained in possession of its property and continues to manage its financial affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief sought herein is 11 U.S.C. § 365.

3. The Debtor is a Maryland corporation with its principal place of business at 7540 Washington Boulevard in Elkridge, Maryland. The Debtor, which has been a Maryland institution since 1948, now operates fifteen (15) retail stores located in Maryland, Virginia and Delaware that sell camping equipment, sporting equipment, clothing and outerwear and boating equipment.

4.      Bankruptcy Rule 4001 provides that the Court may commence a final hearing on a motion for authorization to use cash collateral no earlier than fifteen (15) days after service of the motion. Bankruptcy Rule 4001 further provides that, upon request, the Court may conduct a preliminary hearing before such fifteen (15) day period expires to authorize the use of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

5.      The Debtor must be able to use cash collateral before the fifteen (15) day period expires and, by this Emergency Motion, requests that the Court authorize its preliminary use of cash collateral. At the end of such period, the Debtor must be able to continue to use cash collateral and thus requests a final hearing for such use.

6.      On January 14, 2000, Sunny's filed a chapter 11 case in this Court (Case No. 00-5-0546-SD). During the course of that case, Sunny's entered into a post-petition financing arrangement with Banc of America Commercial Finance Corporation ("B of A"), pursuant to which B of A extended a secured revolving line of credit in the maximum amount of $ 5 Million, secured by all of the assets of Sunny's. Thereafter B of A sold the loan facility to Wells Fargo Business Credit ("Wells Fargo")

7.      Thereafter, by Order entered on March 1, 2001, Sunny's Chapter 11 Plan of Reorganization was confirmed. Pursuant to the terms of the Plan, the Wells Fargo loan was continued and assumed by the Debtor, and the Morris Weinman Company (Sunny's majority stockholder) advanced a cash infusion of approximately $1.2 Million to Sunny's, which was used to satisfy the claims of unsecured creditors. Thereafter, in order to fund a payoff of the Wells Fargo loan and enter into a more favorable loan, Sunny's, on or about March 27, 2002, executed and delivered to the Morris Weinman Company (hereinafter the "Lender") a Loan and Security

2

Agreement, providing for a revolving loan in the maximum amount of $5,000,000. A copy of the Loan and Security Agreement is attached hereto as Exhibit A.

8. Pursuant to the Loan and Security Agreement, the Debtor granted the Lender a perfected security interest in all of the Debtor's tangible and intangible assets wherever located, owned and after acquired including, without limitation, accounts, instruments, documents, chattel paper, general intangibles, equipment, goods, contract rights, fixtures, notes, notes receivable, drafts, acceptances, choses in action, inventory, goods, merchandise, monies, bank accounts, deposits, contracts, leasehold improvements, machinery and all proceeds and products thereof, as more fully described in the Loan and Security Agreement (collectively the "Collateral").

9. As of the January 24, 2007, the principal sum of $1,899,397.38, plus accrued interest of $86,873.57 (or an aggregate sum of $1,986,270.95) was due and owing by Sunny's to the Lender on the loan.

10. In order for the Debtor to operate its business, meet its obligations and preserve its business as a going concern, it is necessary for the Debtor to be authorized to use the receipts and cash in which the Lender claims a security interest.

11. The receipts and cash received from the Debtor's daily operations constitute cash collateral as that term is defined under Section 363(a) of the Bankruptcy Code and may be used by the Debtor with the consent of the Lender or upon an order of the Bankruptcy Court.

12. The Bankruptcy Code requires "adequate protection" of the Lender's interest in cash collateral. Such adequate protection is afforded where operations continue at a break-even level or generate a profit and there is a strong likelihood of reorganization. *See, e.g., In re Xinde*

*International, Inc.*, 13 B.R. 212 (Bankr. D. Mass. 1981); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 376 (Bankr. E. D. Pa. 1987).

13. The Debtor proposes to grant to the Lender a security interest of the same priority and to the same extent as its pre-petition security interest in the Collateral and all profits, offspring and proceeds of the Collateral hereafter acquired to the extent of such use of cash collateral as additional adequate protection.

14. The Debtor proposes that it be authorized to use cash collateral in the ordinary course of its business and to pay those obligations as set forth in the fifteen (15) day budget, attached hereto as Exhibit B, or until the final hearing on the use of cash collateral.

15. The Debtor requires the preliminary use of cash collateral in order to avoid immediate and irreparable harm to the bankruptcy estate pending a final hearing on the use of cash collateral.

16. The Lender consents to the Debtor's use of cash collateral as set forth herein.

WHEREFORE, Sunny's Great Outdoors, Inc., d/b/a Sunny's Surplus, Debtor and Debtor-in-Possession, respectfully requests the following relief:

A. That the Motion be granted and an order in the form attached hereto be entered;

B. That, to avoid immediate and irreparable harm to this bankruptcy estate pending a final hearing on the Debtor's Emergency Motion for Authority to Use Cash Collateral and Grant Adequate Protection Therefor, Sunny's Great Outdoors, Inc., d/b/a Sunny's Surplus be authorized to use cash collateral in the ordinary course of business to pay reasonable and ordinary operating expenses in conformity with the budget attached as Exhibit B until a final hearing on the Emergency Motion for Authority to Use Cash Collateral and Grant Adequate Protection Therefor;

4

C.  That, as adequate protection for the Lender's interest, if any, in any cash collateral so used, the Lender shall be granted a security interest of the same priority and to the same extent as its pre-petition security interest in the Collateral, and any profits, offspring and proceeds of the Collateral hereafter acquired, to the extent of the Debtor's use of such cash collateral;

D.  That the security interest granted hereby shall become duly perfected without the necessity for filing or execution of documents which might otherwise be required pursuant to applicable non-bankruptcy law for the creation or perfection of such security interest, shall survive the conversion of this case to a case under Chapter 7 of the Bankruptcy Code, and shall be binding upon any subsequently appointed trustee and upon all creditors of the Debtor and its bankruptcy estate;

E.  That nothing contained herein shall be intended nor construed as a finding by this Court that the Lender holds a lien or security interest in the Collateral, or that any such lien or security interest is properly perfected, those issues all being expressly reserved for later determination by this Court;

F.  That nothing contained herein shall preclude any party-in-interest from seeking modification of this Order upon appropriate motion to this Court; and

G.  That a final hearing on the Debtor's use of cash collateral be set; and

5

H.  That Sunny's Great Outdoors, Inc., d/b/a Sunny's Surplus, Debtor and Debtor-in-Possession, be granted such other and further relief as is just and equitable.

/s/   Joel I. Sher
Joel I. Sher, Bar No. 00719
Richard M. Goldberg, Bar No. 07994
Shapiro Sher Guinot & Sandler
36 South Charles Street, 20th Floor
Baltimore, Maryland  21201
(410) 385-0202

*Attorneys for Sunny's Great Outdoors, Inc., d/b/a Sunny's Surplus*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of January, 2007, a copy of the Emergency Motion for Authority to Use Cash Collateral and Grant Adequate Protection Therefor and proposed Order was sent by overnight delivery to all those parties on the attached Service List.

/s/   Richard M. Goldberg
Richard M. Goldberg

ADVO, Inc.
74565 Collection Center Dr.
Attn: Lockbox Dept
Chicago, IL 60693

ATLANTA ARMY/NAVY SUPPLY
1125 Hayes Industrial Dr.
Marietta, GA 30062

BECKER GLOVE
1520 Washington Ave., 4th Floor
St. Louis, MO 63103

BOY SCOUTS OF AMERICA
2109 Westinghouse Blvd.
Charlotte, NC 28217

COLUMBIA SPORTSWEAR
P.O. Box 932762
Atlanta, GA 31193-2762

CONFLUENCE HOLDINGS CORP
111 Kayaker Way
Easley, SC 29642

EMOTION KAYAKS
P.O. Box 5887
Wyomissing, PA 19610

GIRL SCOUTS OF THE U.S.A.
420 Fifth Ave.
New York, NY 10018

HI-TEC SPORTS USA INC.
4801 Stoddard Rd.
Modesto, CA 95356

IDENTITY / EYEKING LLC
160 Terminal Dr.
Plainview, NY 11803

KELTY PACK INC.
1224 Fern Ridge Pkwy.
St. Louis, MO 63141

PALCO MARKETING
8575 Monticello Lane N.
Maple Grove, MN 55369-4546

PLASTITECH PRODUCTS
P.O. Box 70
North Bay, Ontario P1B858 CANADA

ROTHCO
3015 Veterans Memorial Hwy.
P.O. Box 1220
Ronkonkoma, NY 11779-0512

SEIRUS INNOVATION
9076 Carroll Way
San Diego, CA 92121

Smartwool/Duke Designs Inc.
P.O. Box 771978
Chicago, IL 60677

TIKAL DISTRIBUTING CORP.
7432 N.W. 8th St.
Miami, FL 33126

WENZEL
1224 Fern Ridge Pkwy.
St. Louis, MO 63141

White Sierra
305 Soquel Way
Sunnyvale, CA 94085

WILLIAMSON DICKIE MFG. CO.
509 West Vickery Blvd.
P.O. Box 1779
Ft. Worth, TX 76101

Festival at Bel Air
BG Rosenfeld Retail
7101 Wisconsin Avenue, Ste. 1111
Bethesda, MD 20814

Weinman Corporation
P.O. Box 5992
Baltimore, MD 21282

The Morris Weinman Company
P.O. Box 5992
Baltimore, MD 21282

Bull Run WP Association
c/o Rappaport Company
8504 Greensboro Dr., Ste. 830
McLean, VA 22102

Washington Real Estate Inv. Trust
6110 Executive Blvd., Ste. 800
Rockville, MD 20852

Timonium S/C Associates, LLC
Mid Atlantic Realty Trust
170 West Ridgely Rd., Ste. 300
Lutherville, MD 21093

Berel Limited Partnership
c/o Maryland Fuinancial Investors
1475 Deereco Road, Ste. 302
Timonium, MD 21093

Talles-Robbins Rehoboth, LLC
c/o KLNB
10830 Guilford Rd., Ste. 312
Annapolis Junction, MD 20791

Kevin Lee
1330 Coltswold Spring Farm Lane
Ellicott City, MD 21042

Merritt Boulevard Prop Partnership
117 Cedarcroft Road
Baltimore, MD 21212

The Trade Center
6839 Industrial Road
Springfield, VA 22151

WIN Properties, Inc.
66 Field Point Road, 4th Floor
Greenwich, CT 06830

Helbel, LLC
c/o Hekemian & Co.
505 Main St., 4th Fl.
Hackensack, NJ 07601

Maryland State Dept of
Assessments & Taxation
301 West Preston St., 9th Floor
Baltimore, MD 21201

Virginia State Corporation
Commission
1300 E. Main Street
Richmond, VA 23219

Delaware Secretary of State
Division of Corporations
John G. Townsend Bldg.
401 Federal Street
Dover, DE 19901

Office of the Atty. General
of Maryland
200 St. Paul Place
Baltimore, MD 21202

Virginia Office of the Atty. General
900 East Main Street
Richmond, VA 23219

Delaware Office of the Atty. General
820 N. French Street
Wilmington, DE 19801

Internal Revenue Service
601 Market Street
Philadelphia, PA 19103

Internal Revenue Service
Attn: Special Procedures
31 Hopkins Plaza
Baltimore, MD 21201

Office of the U.S. Trustee
101 W. Lombard St.
Ste. 2625
Baltimore, MD 21201

County Executive
Anne Arundel County
44 Calvert Street
Annapolis, MD 21404

James T. Smith, County Exec.
Baltimore County
400 Washington Avenue
Towson, MD 21204

County Commissioner
Carroll County
225 N. Center St.
Westminster, MD 21157

County Executive
Harford County
220 S. Main St.
Bel Air, MD 21014

County Manager
Frederick County
12 E. Church Street
Frederick, MD 21701

County Executive
Howard County
3430 Courthouse Drive
Ellicott City, MD 21043

| | | |
|---|---|---|
| Mayor, City of Alexandria<br>01 King Street<br>Alexandria, VA 22314 | Sussex County Administrator<br>2 The Circle, 1st Floor<br>P.O. Box 589<br>Georgetown, DE 19947 | County Executive<br>Prince William County<br>1 County Complex Court<br>Prince William, VA 22192 |